GABRIEL CARON & another[1] *vs.* BARKAN CONSTRUCTION COMPANY, INC. & another.[2] May 8, 1981. This action was brought by a workman and his wife for injuries sustained at a construction site. The injuries were allegedly caused by the negligence of the defendant Barkan Construction Company, Inc. (contractor), the defendant Frank Sullivan Company, Inc. (subcontractor), or both. The contractor filed a cross claim against the subcontractor alleging that it was entitled to be defended and indemnified under the subcontract against any claims made against it for personal injuries. The contractor sought a stay of the judicial proceedings and the appointment of an arbitrator pursuant to a clause in the subcontract which provided that all claims "arising out of, or relating to, this Sub-Contract, or the breach thereof, shall be decided by arbitration." These are appeals by the contractor from orders denying its requests. See G. L. c. 251, § 18.

We need not consider any procedural difficulties which may burden these appeals as we conclude that there was no error in denying the stay and the demand for arbitration. Under the contract, the contractor is entitled to indemnification for injuries not caused by its own negligence.

[1] Charolette Caron.

[2] Frank Sullivan Company, Inc.

However, at least for purposes of determining the liability of the contractor to the plaintiffs, the issue of the contractor's negligence is independent of any agreement to arbitrate between the contractor and the subcontractor. That agreement cannot, as the contractor conceded at oral argument, abridge the plaintiffs' right to a jury trial. Nor can the voluntary filing of a cross claim by the contractor in this action serve as a means for staying the entire judicial proceedings or as a means of enlarging the scope of arbitration. Although the contractor suggests, in its brief, that a stay of a portion of the proceedings is possible, it did not seek a limited stay.

Since the contractor did not limit its request for a stay of the proceedings or its demand for arbitration, if for no other reason, its requests were properly denied.

*Orders denying demand for*
*arbitration affirmed.*

*John F. Toomey, Jr.*, for Barkan Construction Company, Inc.
*Ann C. Egan* for Frank Sullivan Company, Inc.
*Norman J. Fine* for Gabriel Caron & another.